RIVERA V. GONZALEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 106.—Resuelto en junio 14, 1907.

APELACIÓN—PRUEBAS—RELACIÓN DE HECHOS—APROBACIÓN DEL JUEZ—CONSENTIMIENTO DE LAS PARTES.—Para que el Tribunal Supremo pueda discutir en

una apelación la apreciación que de las pruebas hubiere hecho la corte inferior, es necesario que se consignen en una relación de hechos que debe estar aprobada, certificada y firmada por el juez que conoció de la causa, á fin de darle la debida autenticidad, sin cuyo requisito carecerá de ella, no siendo suficiente al efecto el sólo consentimiento de las partes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Antonsanti.*

Abogado del apelado: *Sr. Yordán Dávila.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha dos de diciembre de 1905, Juana Rivera Méndez presentó demanda ante la Corte de Distrito de Ponce contra Alejandrina González Vargas, Carlos Patterne y Boisjoli, Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González, Eduardo Salichs y Simompietri, Mario Mercado y Montalvo y Jacinta Rivera Méndez, con súplica de que en su día se dictara sentencia, declarando la nulidad del procedimiento ejecutivo seguido ante el extinguido juzgado de 1ª. instancia de Ponce por el Procurador Rodulfo del Valle, á nombre de los demandados Alejandrina González Vargas, Carlos y Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González y Eduardo Salichs y Simompietri, contra José Rivera Cintrón en cobro de tres mil ciento noventa y ocho pesos, declarando nulas todas y cada una de las actuaciones de dicho juicio, especialmente la sentencia de remate recaída y la adjudicación de la finca ejecutada á favor del también hoy demandado Mario Mercado y Montalvo, y condenando, además, en costas á todos los demandados.

En dicha demanda, alegó Juana Rivera Méndez los hechos siguientes:

1º. Que al morir José Rivera Cintrón, dejó cinco hijos, nombrados Juana Rivera Méndez, que es la demandante, Jacinta, de iguales apellidos, que es una de las demandadas, y José, Bonifacio y María, los cuales han fallecido sin otorgar testamento, ni dejar ascendientes ni descendientes, ni otros herederos que sus dos hermanas citadas.

"2º. Que José Rivera Cintrón era dueño de una finca compuesta de

cincuenta cuerdas, más ó menos, de terreno, á café y plátanos, radicada en el barrio de Vegas Arriba, partido de Adjuntas, colindante al saliente, con Jaime Oliver, al poniente, con Gabriel Vicens, al norte, con Evaristo Cruz, y al sur, con Antonio Almodóvar.

"3º. Que por escritura pública otorgada en 26 de junio de 1879, José Rivera Cintrón y Carlos Patterne, padre de los demandados, del mismo apellido, celebraron un contrato, en virtud del cual Patterne se obligó á refaccionar la finca ya descrita, comprometiendose á entregar á José Rivera Cintron, la suma de quinientos pesos, antes de marzo de 1880; cuatrocientos pesos más, antes de treinta y uno de marzo de mil ochocientos ochenta y uno; y otros trescientos pesos, antes de treinta y uno de marzo de mil ochocientos ochenta y dos; partidas que totalizan la suma de mil doscientos pesos, á cuyo pago hipotecó Rivera Cintrón en favor de Patterne la mencionada finca.

"4º. Que por otra escritura otorgada en diez y siete de septiembre de mil ochocientos setenta y nueve, José Rivera Cintrón vendió á José Salas la finca hipotecada, con el consentimiento expreso de Patterne, por precio de ocho mil pesos, parte de cuya suma se pagó de contado, y el resto quedó aplazado, reservándose el vendedor el derecho de dominio sobre la finca vendida en garantía de lo que se le quedaba adeudando, y reconociendo Patterne en la misma escritura que sólo se le adeudaba, en virtud del contrato de refacción celebrado con Rivera Cintrón, la suma de quinientos pesos, que el comprador José Salas se obligó á pagar.

"5º. Que por otra escritura otorgada en treinta de abril de mil ochocientos ochenta, José Salas y Carlos Patterne contrataron de nuevo respecto de la refacción de la finca, variando los términos y pactos del primitivo contrato y asumiendo Salas todas las responsabilidades que pudiesen derivarse de tal contrato de refacción.

"6º. Que habiendo fallecido Carlos Patterne, los miembros que componían su sucesión, á saber: la viuda Alejandrina González Vargas, Juana Evangelista Patterne y González, Carlos y Carlota Patterne y Boisjoli y Eduardo Salichs y Simompietri, interpusieron demanda ejecutiva ante el extinguido juzgado de 1ª. instancia de Ponce contra José Rivera Cintrón , para el cobro de la suma de tres mil ciento noventa y ocho pesos, á saber: mil doscientos pesos, que alegaban serles debidos, en virtud del contrato de refacción celebrado entre Patterne y Rivera Cintrón en veinte y seis de junio de mil ochocientos setenta y nueve, y mil novecientos noventa y ocho pesos en concepto de intereses devengados por el capital adeudado, sin que en dicha demanda se mencionaran las escrituras de diez y siete de septiembre de mil ocho-

cientos setenta y nueve y treinta de abril de mil ochocientos ochenta.

"7°. Que en veinte y seis de septiembre de mil ochocientos ochenta y nueve, el extinguido juzgado de 1ª. instancia de Ponce despachó mandamiento de ejecución contra los bienes de José Rivera Cintrón y especialmente contra la finca hipotecada, habiéndose embargado dicha finca en veinte y ocho del propio septiembre, como si fuera de la propiedad de José Rivera Cintrón y dictándose en diez y seis de octubre siguiente sentencia de remate, por la que se ordenó seguir la ejecución adelante.

"8°. Que en seis de noviembre de 1889 la representación de la parte ejecutante solicitó del mencionado juzgado ampliación de embargo, por estimar que la finca hipotecada no era suficiente á responder de las resultas del juicio, cuya ampliación de embargo se llevó á cabo en ocho del mismo noviembre sobre determinados bienes muebles de José Rivera Cintrón.

"9°. Que habiéndose sacado á pública subasta los bienes embargados, fueron adjudicados al mejor postor, que lo fué el demandado Mario Mercado y Montalvo.

"10°. Que aunque la demandada Jacinta Rivera Méndez tiene igual interés que la demandante en que se anule el referido juicio ejecutivo, se hace demandada en la presente acción, en cumplimiento del precepto del artículo 66 del Código de Enjuiciamiento Civil, por no haberse podido obtener su consentimiento para que compareciera como demandante."

El demandado Mario Mercado y Montalvo se allanó á la demanda, y la rebeldía de la demandada Jacinta Rivera Méndez fué acusada oportunamente por no haber comparecido á contestar dicha demanda.

Los otros demandados, Alejandrina González Vargas, Carlos y Carlota Patterne y Boisjolí, Juana Evangelista Patterne y González y Eduardo Salichs y Simompietri, al contestar la demanda, aceptaron los hechos marcados con los números 2°., 3°., 7°., 8°., y 9°.; pero negaron los relacionados con los números 1°., 4°., 5°., 6°., y 10°. haciendo, además, las siguientes alegaciones.

"1ª. Que por escritura pública otorgada en catorce de Agosto de mil ochocientos ochenta y nueve, la demandada Alejandrina González Vargas cedió al otro demandado, Eduardo Salichs, la participación

que pudiera corresponderle en el crédito hipotecario que motivó el juicio ejecutivo de cuya nulidad se trata.

"2ª. Que por otra escritura pública de diez y ocho de abril de mil novecientos tres, Eduardo Salichs y Simómpietri, cesionario de los derechos y acciones de Alejandrina González Vargas, cedió en unión, de Carlota Patterne y Boisjoli y de Juana Evangelista Patterne y González, á favor del demandado Carlos Patterne y Boisjoli, las participaciones que pudieran tener en el propio crédito hipotecario ya referido, verificándose la cesión sin ulterior responsabilidad por parte de los cedentes y quedando el cesionario Carlos Patterne subrogado en lugar de aquéllos, con todas las obligaciones que respecto al deudor ó su causahabiente tenía el acreedor contraídas.

"3ª. Que tratándose, como se trata, de la nulidad de un juicio ejecutivo, seguido en fecha que se remonta al año de 1889, la demanda de nulidad interpuesta por Juana Rivera Méndez no puede prosperar por haber prescrito su derecho, en el caso de que lo tuviera, y por haberse extinguido su acción con arreglo á los artículos 410, caso 1º. y 413 de la antigua Ley de Enjuiciamiento Civil, de aplicación al presente caso, y artículos 1916 y 1964 del Código Civil antiguo, que son los 1862 y 1865 del Código Civil Revisado.''

En mérito de las alegaciones hechas, suplicaron los demandados anteriormente relacionados el pronunciamiento de sentencia declaratoria de que la ley y los hechos están á favor de los demandados y en contra de la demandante, de que han sido indebidamente demandados Alejandrina González Vargas, Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González y Eduardo Salichs y Simompictri, y de que es improcedente la demanda de nulidad por haber prescrito el derecho de la demandante y haberse extinguido la causa de acción por ministerio de la ley, con las costas á cargo de dicha demandante.

La Corte de Distrito de Ponce, después de oídas las alegaciones de las partes y las pruebas practicadas en el juicio, con los informes de los respectivos letrados, dictó sentencia en 31 de octubre de 1906, por la que opinó que los hechos y la Ley están á favor de la demandante, y en su virtud declara nulo el procedimiento ejecutivo seguido contra José Rivera

Cintrón á nombre de Alejandrina González Vargas, Carlos y Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González y Eduardo Salichs y Simompietri, y nulas todas y cada una de las actuaciones de dicho juicio, especialmente la sentencia de remate dictada en 16 de octubre de 1889 y la adjudicación de la finca ejecutada á favor del demandado Mario Mercado, con las costas á los demandados que se opusieron á la demanda.

Contra esa sentencia, interpuso la representación de Alejandrina González Vargas, Carlos y Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González y Eduardo Salichs y Simompietri recurso de apelación, que hoy pende de decisión ante esta Corte Suprema, después de vistas y oídas las alegaciones escritas y orales de los abogados de ambas partes.

La parte apelante funda su impugnación á la sentencia recurrida en que la demandante Juana Rivera Méndez no ha acreditado que sea hija y heredera de José Rivera Cintrón; en que, según las pruebas practicadas en el juicio, la ejecución seguida contra José Rivera Cintrón en nada pudo perjudicar á sus herederos, ni á José Salas, ni á otra persona, pues se remató la finca de que se trata para el pago de un crédito legítimo reconocido por José Rivera Cintrón y por José Salas, quien era el dueño de dicha finca en la época de la ejecución, sin que hubiera mediado oposición alguna por parte de los interesados; y finalmente, en que la acción de nulidad ejercitada ha prescrito por ministerio de la ley.

La Corte de Distrito de Ponce llegó sobre los puntos expresados á la conclusión que revela su sentencia después de oir las pruebas que las partes aportaron al juicio.

Dicha corte, al declarar que la ley y los hechos están en favor de la parte demandante y decidir el pleito en los mismos términos solicitados en la demanda, resolvió que Juana Rivera Méndez es hija y heredera de José Rivera Cintrón; que á éste fué cobrado, en juicio ejecutivo seguido ante el extin-

guido juzgado de 1ª. instancia de Ponce, un crédito cuya totalidad no debía, y que no ha prescrito la acción ejercitada.

No encontramos en el presente recurso términos hábiles para juzgar si ha sido ó nó errónea la apreciación de las pruebas hechas por la Corte inferior, pues nos falta una relación de hechos ó exposición del caso, que pueda merecer nuestra consideración.

Figura, sí, en el récord, una exposición del caso, presentada por el letrado de la parte apelante á la Corte de Distrito de Ponce, para su aprobación, y un pliego de adiciones ó enmiendas á dicha exposición, presentado por el abogado de la parte apelada, habiendo firmado ambos abogados exposición y pliego, por haber convenido en que ambos documentos formen la exposición del caso á los efectos de la apelación entablada para ante esta Corte Suprema.

Esa exposición del caso, por más que haya sido convenida por las partes, no está firmada ni aprobada por el juez de la corte de Ponce, y carece, por tanto, de eficacia y valor legal á los fines pretendidos.

La razón es clara; si la exposición de hechos ha de servirnos de base en el recurso de apelación para discutir si la sentencia apelada es contraria á las pruebas practicadas en el juicio y á la Ley, se hace preciso que tengamos á la vista, en forma auténtica, toda la prueba que el Juez inferior tuvo en cuenta para pronunciar su decisión final en el pleito sometido á su consideración, y aquella autenticidad no puede existir sin que el Juez apruebe y firme la exposición del caso. El convenio de los letrados de las partes, por muy respetable que sea, no es la forma de autenticidad que la ley exige en la exposición del caso.

Esa doctrina ha sido establecida ya en el caso de *Dolores G. viuda de Barnés* y *Joaquín Barnés* v. *El Pueblo de Puerto Rico,* decidido en 18 de febrero último.

No habiéndose demostrado, en forma debida, que la sentencia apelada sea contraria á la ley ó á la prueba, debemos

presumirla, justa, y por consiguiente, es de confirmarse con las costas del recurso á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Figueras, MacLeary y Wolf.